[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14259

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DOUGLAS BARRIOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00043-SCB-AEP-4

_____

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Douglas Barrios appeals his below-guidelines 120-month sentence following his guilty plea to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States.  He argues that his sentence is substantively unreasonable because the district court failed to account for his motivation in committing the crimes—to financially provide for his destitute family—when sentencing him to the same sentence as his codefendants who did not have a similar motivation.  After review, we affirm.

## I.    Background

In 2021, a grand jury indicted Barrios along with Richard Lampe, Anthony Jose Diaz Medina, and Pedro Romen Semeco Molina on the above-referenced charges.  Barrios entered an open plea of guilty to all charges.  Barrios's advisory guidelines range was 135 to 168 months' imprisonment.  He faced a statutory maximum of life imprisonment.[1]

---

[1] The offenses carried a mandatory-minimum of ten years' imprisonment, but it was inapplicable because Barrios qualified for safety-valve relief.

At sentencing, Barrios's counsel requested a downward variance to a seven-year sentence, which he argued was warranted based on Barrios's role in the offense and his history and characteristics. His counsel argued that Barrios "was just there to help out," was a fisherman, and that he had "no elevated role" in the offense. Barrios's counsel urged the court to consider the fact that Barrios had no prior criminal history and that he came from extreme poverty in Venezuela and was motivated to participate in the crime due to his "dire" financial circumstances and need to support his seven children as a single parent. Barrios made a statement to the court, apologizing for his actions and explaining that it was "hunger and desperation that got [him] to do this."

The court noted that two of Barrios's codefendants had received 120-month sentences and one had received 135 months' imprisonment, and the court asked the government what its position was on the appropriate sentence. The government stated that 120 months' imprisonment was appropriate because Barrios's role was very similar to that of codefendants Medina and Molina who both received 120-month sentences. The government noted that it had not filed a substantial-assistance motion on behalf of any defendant in this case due to "contradicting evidence" and that they were not sure who was telling the truth.

The district court adopted the PSI, varied downward from the guidelines range, and imposed a sentence of 120 months' imprisonment to be followed by 5 years' supervised release. The district court explained that it "varied downward because of the

extreme poverty and the reason [Barrios] did this was out of need" and because "that's what [the court] sentenced two similarly-situation co-defendants to."  The district court stated that the sentence was "sufficient but not greater than necessary," and noted that it had considered the parties' arguments, the § 3553(a) factors, and Barrios's codefendants cases.  Barrios objected to the substantive reasonableness of the sentence.  This appeal followed.

## II.    Discussion

Barrios argues that his sentence is substantively unreasonable because the district court failed to account for his motivation in committing the crimes—which was to provide for his family—when sentencing him to the same sentence as his codefendants who did not have a similar motivation.  He maintains that the district court was required to "avoid unwarranted similarities among other co-conspirators who are not similarly situated" and that there is a resulting sentencing disparity.

We review a sentence for substantive reasonableness under a deferential abuse of discretion standard.[2]  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  We examine whether a sentence is substantively reasonable in light of the totality of the

___

[2] The government argues that the heightened standard of plain error review should apply because Barrios only made a general objection to the substantive reasonableness of the sentence.  However, in *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020), the Supreme Court held that where, as here, a defendant advocates for a particular sentence in the district court, he preserves a challenge to the substantive reasonableness of his sentence.

circumstances. *Id.* The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a). The court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant," and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1), (6). The Supreme Court has recognized that a potentially relevant consideration under the sentencing disparity factor is the "need to avoid unwarranted similarities among other co-conspirators who were not similarly situated." *Gall*, 552 U.S. at 55.

"[T]he district court need only 'acknowledge' that it considered the § 3553(a) factors, and need *not* discuss each of these factors . . . ." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (quotation and internal citation omitted). Importantly, the weight given to a particular § 3353(a) factor "is committed to the sound discretion of the district court," and it is not required to give "equal weight" to the § 3553(a) factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation omitted).

The burden rests on the party challenging the sentence to show "that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded

sentencing courts." *Id.* We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (*en banc*) (quotation omitted).

Barrios failed to show that the district court abused its discretion in imposing a substantively unreasonable sentence. The district court considered the similarities and differences between Barrios and his codefendants in imposing the sentence. It found that Barrios's role was similar to that of codefendants Medina and Molina and stated that it varied downward to 120 months' imprisonment from the guidelines range of 135 to 168 months' imprisonment because of Barrios's extreme poverty and the fact that he committed the crimes out of financial need. Although Barrios argues that this factor should have been given more weight and resulted in a lower sentence than his codefendants because Barrios's motivation for participating in the crime made him less culpable, the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. *Rosales-Bruno*, 789 F.3d at 1254 (quotation omitted). Furthermore, although Barrios argues that Medina and Molina did not have the same financial need motivating factor, he has not cited to any evidence to support this contention. Thus, he has failed to

show that he was not similarly situated to his codefendants.[3]  *See United States v. Johnson*, 980 F.3d 1364, 1386 (11th Cir. 2020) (rejecting disparity claim because "[d]efendant ha[d] not carried his burden to show specific facts establishing that any codefendants are similarly situated").  Moreover, Barrios's total 120-month sentence is well below the statutory maximum life sentence, which is an indicator of reasonableness.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence that is below the statutory maximum is another indicator of reasonableness).

Accordingly, we conclude that Barrios's sentence is substantively reasonable, and we affirm.

**AFFIRMED.**

---

[3] Regardless, even if Barrios was not similarly situated to his codefendants, "we have stated that [d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Cavallo*, 790 F.3d 1202, 1237 (11th Cir. 2015).